Ry the Court,

Cowen, J.
The 2 R. S. 583, 2d ed. § 3, is, that u every person who shall attempt to commit an offence prohibited by law, and in such attempt shall do any act towards the commission of such offence, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same; upon conviction thereof shall, in cases where no provision is made by law for the punishment of such attempt, be punished as follows,” &c. An attempt, as charged in either of the first three counts, would subject the prisoner to punishment in the state prison. If the offence proved be not within the statute, but confined to the fourth count, it is a mere misdemeanor. (1 Russ, on Cr. 49, Am. ed. of l836.)
An attempt in any form to commit an offence is within the statute ; and the particular manner in which the attempt was *135 made need not be pointed out by the indictment. The case relied on by the prisoner’s counsel, (Rex v. Carr, Russ, & Ry. 377,) arose under Lord Ellenborough’s act, (43 Geo. 3, ch. 8,) which prescribes, the means of making the attempt, viz. if any person shall “ level any kind of loaded fire arms, and attempt by drawing a trigger, or in any other manner,” &c. The indictment charged an attempt by pulling the trigger of a loaded blunderbuss. The proof was that it had no priming. The judges held, therefore, that not being loaded so as to be capable of doing mischief by having the trigger drawn, it was not loaded within the meaning of the statute. No question was made of the act being an offence; but only one of variance from the statute to which the indictment referred.
The act imputed to Bush was no doubt an attempt to commit an offence. It is admitted that heSndeavored to make himself an accessory before the fact ■, and to become an accessory is, in itself, an gffence. A mere solicitation to commit a ‘ felony is an ¿ffence, whether it be actually committed or not. This was held in The King v. Higgins, (2 East, 5.) In the case before us there was more. The solicitation was followed by furnishing the instrument of mischief. The question of principal and accessory does not arise, as it would have done provided the crime had actually been committed. Had it been Committed, the attempt would have been merged in an actual felony—a crime of another species. There would have been a principal arson by Kinney and an accessorial offence by Bush. The attempt of the latter was to have both crimes committed ; and the question bf principal and accessory not being in-the case, I see nothing against considering the matter in the light of the ordinary rule, that what a man does by anoth- ' er he .does by himself; in other words, the course taken to" / commit the arson by the hand of Kinney, was the same thing, in legal effect, as if Bush had intended to set the fire personally, and had taken steps preparatory to that end. An attempt may ' be immediate—an assault, for instance ; but it very commonly | means a remote effort, or indirect measure taken with intent to *136 effect an object. An abundance of illustration will be found in The King v. Higgins, especially in the learned and copious arguments of the counsel. An approved writer on criminal law speaks of the act of solicitation in that case as belonging to the class of attempts. (1 Russ, on Cr. 49, Am. ed. of’36.)
The offence proved against Bush was, therefore, within the words, and we think within the meaning of the statute.
New trial denied.